IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY FAILS,
    Plaintiff,

vs.                                                   Case No. 3:08cv522/WS/EMT

DOC HEADQUARTERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 21). Also pending are two motions for preliminary injunctive relief (Docs. 22, 25). Leave to proceed in forma pauperis has been granted in this case (Doc. 18). Upon review of the amended complaint, the court concludes that dismissal of this matter is warranted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (quoting Neitzke, 490 U.S. at 325, 237). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* Upon review of the complaint, the court concludes that Plaintiff's claims are frivolous.

Plaintiff, an inmate presently confined at Santa Rosa Correctional Institution ("SRCI"), names numerous Defendants in his amended complaint, including the Department of Corrections ("DOC"), DOC Secretary Walter McNeil and other DOC officials, Escambia County Sheriff's Deputy Eddie Benard, and correctional officers from DOC facilities other than SRCI (Doc. 21 at 1–2). In a difficult-to-decipher complaint, Plaintiff alleges that Defendants have discriminated against him, harassed, victimized, and endangered him. More specifically, according to Plaintiff, Defendant Benard and others have conspired to administer

> harmful medications to put him to sleep to conduct an unlawful brain su[r]gery . . . in which [Plaintiff's] brain [is] unlawfully being monitored 24 hours a day. And also bugs have been unlawfully implanted on the [Plaintiff[']s persona [sic], which [have resulted in his] being listen[ed] to and singled out and unlawfully har[ ]assed . . .[and suffering] threats of extortion for vital information.

(Doc. 21 at 6).[1] In the "Relief Requested" section of the complaint form, Plaintiff states that he suffers from mental anguish, emotional distress, pain and suffering from "the mental emotional trauma . . .," but he does not specify the relief he seeks (*id.*).[2]

Plaintiff's allegations, quoted above, fall into the very narrow category of allegations that are removed from reality and wholly incredible.[3] Therefore, the court recommends that Plaintiff's amended complaint be dismissed as factually frivolous. *See e.g.,* Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001) (dismissing as factually frivolous claim that prison official forced plaintiff to wear "bomb belt" containing 50,000 volts of electrical shock 1000 times in 19 days); Williams v. St. Vincent Hosp., 258 Fed. Appx. 293, 294 (11th Cir. 2007) (affirming dismissal of complaint as frivolous where complaint presented "far-fetched" scenario based on assertions of a massive

---

[1] In the two motions for preliminary injunctive relief Plaintiff makes related assertions, including some involving matters that he alleges occurred at Everglades Correctional Institution. Given the nature of the court's recommendation of dismissal, it does not address issues potentially raised by the allegations of events that purportedly occurred outside the Northern District of Florida.

[2] In his motion for preliminary injunctive relief filed June 18, 2009, however, Plaintiff indicates that he seeks to have charges filed against some or all the Defendants; he also demands monetary damages apparently totaling $700,000,000.00 (*see* Doc. 22 at 3, 9–10).

[3] Based on similar (although not identical) allegations, the court reached the same conclusion in a Report and Recommendation entered in Fails v. Escambia County Sheriff's Office, Case No. 3:08cv536/LAC/EMT (*see* Doc. 6). By order dated January 28, 2009, the district court adopted the Report and Recommendation, over Plaintiff's objection (*see* Docs. 7, 8).

conspiracy to monitor plaintiff that was "clearly baseless"). Additionally, if the district court adopts this recommendation of dismissal, the undersigned further recommends that the preliminary injunctive relief requested by Plaintiff be denied as moot.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED,** with prejudice**,** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That Plaintiff's pending motions for preliminary injunctive relief (Docs. 22, 25) be **DENIED**, as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**